IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**Kayland Hayes,**

    **Plaintiff,**

v.                                                                        **Case No. _____**
                                                                         **JURY DEMANDED**

**Union Health, LLC, d/b/a/ Crisp Connections,**

    **Defendant.**

**VERIFIED COMPLAINT FOR VIOLATIONS OF THE
FAMILY & MEDICAL LEAVE ACT**

    **COMES NOW** Plaintiff Kayland Hayes ("Ms. Hayes"), by and through counsel, and for her Complaint against Union Health, LLC ("Crisp Connections") states and alleges as follows:

### NATURE OF COMPLAINT

1. Ms. Hayes brings this action under federal law, specifically the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

2. Ms. Hayes brings this action against Defendant for interference with her rights under the FMLA.

3. Defendant's actions were in direct violation of the FMLA, 29 U.S.C. § 2601 *et seq*.

4. For said violations, Ms. Hayes is seeking compensation for back pay, liquidated damages, and attorney's fees.

### PARTIES

5. Ms. Hayes is an adult resident of Memphis, Shelby County, Tennessee.

6. Plaintiff was an employee of Defendant for FMLA purposes.

7. Upon information and belief, Defendant Union Health, LLC, doing business as Crisp Connections, is a Florida-based corporation.

8. Defendant is registered to do business in the state of Tennessee and its address for service of process is 3839 Forest Hill Irene Road, Memphis, TN 38125-9914.

## JURISDICTION & VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the FMLA 29 U.S.C. § 201 *et seq*.

10. Defendant is a legal entity in the State of Florida, however, Defendant maintains an office in which it carries on business in the State of Tennessee and has sufficient minimum contacts in Tennessee so as to give this Court personal jurisdiction over Defendant.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Ms. Hayes' claims occurred in this district.

## FACTUAL BACKGROUND

12. Ms. Hayes was hired by Defendant on or about July 1, 2019.

13. Ms. Hayes's employment with Defendant ended on or about August 4, 2020.

14. Ms. Hayes worked as a sales agent for Defendant.

15. On or about July 1, 2020, Ms. Hayes began exhibiting COVID-19 symptoms.

16. The next day, on or about July 2, Ms. Hayes' symptoms continued to get worse and upon her arrival at work a digital thermometer showed Ms. Hayes had a fever of 103°.

17. Ms. Hayes was instructed to go home for the day by her supervisor.

18. That same day, Ms. Hayes went to the hospital to be tested for COVID-19.

19. The following day, on or about July 3, Ms. Hayes received news from the hospital that she was positive for COVID-19.

20. Because Defendant's office was closed on July 4, Ms. Hayes informed her employer of her positive test on July 5.

21. Despite Ms. Hayes's symptoms and positive-diagnosis, management instructed Ms. Hayes that she should come to the office to pick up supplies that would allow her to work from home.

22. Ms. Hayes informed management that because of her symptoms, she was unable to do so and requested two weeks leave to quarantine and seek medical treatment.

23. Ms. Hayes's leave request was approved.

24. At the end of this period of leave, Ms. Hayes was informed that she could either work from home or return to the office.

25. Ms. Hayes informed her employer that she wished to work from home and she did so for the next week and a half.

26. On or about July 30, Ms. Hayes was contacted by her employer and was told she needed to return to working from the office the following week.

27. In the same conversation, Ms. Hayes informed her manager that she was again experiencing fever and other Covid symptoms and would need to remain off work in order to seek medical attention.

28. Her employer instructed her that if she remained at home she would not be paid, but provided her no guidance regarding her right to take FMLA leave for her serious illness.

29. Approximately one week later, Ms. Hayes was informed by her employer that she had been terminated due to job abandonment.

30. At no point during Ms. Hayes' period of illness was Ms. Hayes ever informed of her rights under the FMLA.

## COUNT I – VIOLATION OF THE FMLA

31. Ms. Hayes realleges and incorporates all allegations as if actually set forth herein.

32. At all relevant times, Defendant was an employer with more than fifty employees.

33. At all relevant times, Ms. Hayes was a "covered employee" of Crisp Connections for purposes of the FMLA.

34. The FMLA entitles a covered employee to a total of twelve workweeks of unpaid leave for a serious health condition that renders the employee unable to perform the functions of her job.  29 U.S.C. § 2612.

35. When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA.  29 CFR § 825.303(b).

36. When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances.  29 CFR § 825.300(b)(1).

37. Beginning on July 5, 2020, Crisp Connections was aware that Ms. Hayes was diagnosed with COVID-19 and was severely ill.

38. After this initial illness, Ms. Hayes began working from home but on July 30 informed her employer that she was ill again and would need to take additional time off to seek medical attention.

39. Ms. Hayes was told by her employer that if she did not return to work in person she would not be paid but was not instructed that she was entitled to leave under the FLSA.

40. By terminating Ms. Hayes during her subsequent absence Crisp Connections violated Ms. Hayes' rights under the FMLA, causing Ms. Hayes substantial harm.

41. The foregoing conduct, as alleged, constitutes a willful violation of the Family & Medical Leave Act, per 29 U.S.C. § 201 *et seq*.

## PRAYER FOR RELIEF

42. WHEREFORE, Ms. Hayes prays as follows:

43. A declaratory judgment that the practices complained of herein were unlawful under the FMLA

44. An award of money damages for unpaid wages, including liquidated damages in an amount to be determined at trial, attorney's fees, and any and all such other legal and equitable relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to a jury trial.

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
844.445.2387 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

I, **Kayland Hayes**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Kayland Hayes**

Date: _____